## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## (CIVIL)

| | |
|---|---|
| SAGE BROOKS<br>8205 Houston Court<br>Takoma, MD 20912<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br><br>Defendant. | )<br>)<br>)<br>)<br>)    Civ. Act. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Eli Lilly and Company ("Lilly") hereby removes this case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. In support of this Notice of Removal, Lilly avers as follows:

### BACKGROUND

1.       On September 21, 2006, Plaintiff Sage Brooks commenced this action in the Superior Court of the District of Columbia. A copy of the Summons and Complaint is attached hereto as Exhibit A ("Ex. A").

2.       Lilly received a copy of the Complaint on September 25, 2006. Accordingly, this Notice is being filed within 30 days after Lilly's receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b).

3.    Other than the Summons and the Complaint, Lilly has received no other process, pleadings, motions or orders.

## AMOUNT IN CONTROVERSY

4.    Plaintiff alleges, *inter alia*, that "he suffered serious and permanent injuries, including, but not limited to, diabetes mellitus" following his ingestion of Zyprexa. *See* Ex. A, Compl. ¶ 4.

5.    Plaintiff avers that Lilly's conduct was the cause of plaintiff's claimed injuries. *See* Ex. A, Compl. ¶¶ 5, 7-14, 16-19, 21-25.

6.    Plaintiff's Complaint demands judgment against Lilly in the amount of Two Million Dollars ($2,000,000.00) for compensatory damages, together with costs incident to this action. *See* Ex. A, Compl. (Demand for Damages). Plaintiff also seeks punitive damages. *See* Ex. A. Compl. ¶ 25.

7.    Based on these facts, Lilly reasonably believes and therefore avers that the amount in controversy in this action exceeds $75,000 exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

8.    Plaintiff is, and was at the time this action was filed, a citizen of the State of Maryland. *See* Ex. A, Compl. (case heading).

9.    Lilly is, and at the time this action commenced was, a citizen of the State of Indiana. It is a corporation incorporated under the laws of Indiana, and it has its principal place of business at the Lilly Corporate Center, Indianapolis, IN 46285.

## PROPRIETY OF REMOVAL

10.     For the foregoing reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and this action may be removed pursuant to 28 U.S.C. § 1441(b).

11.     The United States District Court for the District of Columbia is the federal judicial district encompassing the Superior Court for the District of Columbia, where this suit was originally filed.  Venue is therefore proper in this District under 28 U.S.C. § 1441(a).

12.     Accordingly, the present lawsuit may be removed from the Superior Court for the District of Columbia, and brought before the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1332  and 1441(a).

13.     Pursuant to the provisions of 28 U.S.C. § 1446(d), Lilly will promptly file a copy of this Notice of Removal with the clerk of the Superior Court for the District of Columbia, and will serve a copy of the same upon plaintiff.

WHEREFORE, notice is hereby given that this action is removed from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

Dated:  October 11, 2006

Respectfully submitted,

OF COUNSEL:
Nina M. Gussack
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103-2799
Telephone:  215-981-4000
Fax:  215-981-4750
E-mail:  gussackn@pepperlaw.com

Charles H. Carpenter (*DC Bar No.* 432004)
George A. Lehner (*DC Bar No.* 281949)

PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C.  20005-2004
Telephone:  202-220-1200
Facsimile:  202-220-1665
E-mail:  carpentc@pepperlaw.com

Janet C. Goldberg
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W.
Washington, DC  20005-2004
Telephone:  202-220-1200
Fax:  202-220-1665
E-mail:  goldbergj@pepperlaw.com

lehnerg@pepperlaw.com

*Attorneys for Defendant*
*Eli Lilly and Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by first class mail this 11th day of October, 2006 upon:

Aaron M. Levine, Esq.
Brandon J. Levine, Esq.
Renee L. Robinson-Meyer, Esq.
Steven J. Lewis, Esq.
AARON M. LEVINE & ASSOCIATES
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036

Charles H. Carpenter

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Sage Brooks | Eli Lilly and Company |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Montgomery, MD__ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Marion, Indiana__ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Aaron M. Levine<br>Aaron M. Levine & Associates<br>1320 19th Street, NW, Ste. 500<br>Washington, DC 20036<br>202.833.8040 | Charles H. Carpenter<br>Pepper Hamilton LLP<br>600 14th Street, NW<br>Washington, DC 20005<br>202.220.1507 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

⊙ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| **G.  Habeas Corpus/ 2255** | **H.  Employment Discrimination** | **I.  FOIA/PRIVACY ACT** | **J.  Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| **K.  Labor/ERISA (non-employment)** | **L.  Other Civil Rights (non-employment)** | **M.  Contract** | **N.  Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>    Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>    Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>    Employment<br>☐ 446 Americans w/Disabilities-<br>    Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>    Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>    Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ● 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. §§ 1441 and 1446 (Product Liability Action)

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 2,000,000.00   Check YES only if demanded in complaint   JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE   11 October 2006   SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C.,  and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint.  You may select only one category.  You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Exhibit A

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  MICHAEL J. HARRINGTON
     ELI LILLY AND COMPANY
     LILLY CORPORATE CENTER
     INDIANAPOLIS, IN 46285-0000

M. J. HARRINGTON

SEP 27 2006

SOP Transmittal # **DC10844**

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: ELI LILLY AND COMPANY
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of  DISTRICT OF COLU  on this  25  day of  September  ,  2006  . The following is a summary of the document(s) received:

1.  **Title of Action:** Sage Brooks vs. Eli Lilly & Company

2.  **Document(s) served:**

    **x** Summons         ___ Subpoena              ___ Injunction
    **x** Complaint        ___ Third Party Complaint ___ Notice of
    ___ Petition           ___ Demand for Jury Trial  ___ Mechanics Lien
    ___ Garnishment        ___ Default Judgement      ___ Other:

3.  **Court of Jurisdiction/**  Superior Court District of Columbia
    **Case & Docket Number:** 2006 ca 007151 B

4.  **Amount Claimed, if any:** $2000000.

5.  **Method of Service** (select one)**:**
    ___ Personally served by:  ___ Process Server    ___ Deputy Sheriff   ___ U. S Marshall
    **x** Delivered Via:        **x** Certified Mail   ___ Regular Mail     ___ Facsimile
                                (Envelope enclosed)    (Envelope enclosed)

    ___ Other (Explain):

6.  **Date and Time of Service:**  9/25/2006 10:31:18 AM EST (GMT -5)

7.  **Appearance/Answer Date:** 20 Days

8.  **Plaintiff's Attorney:**       Aaron M. Levine          9.  **Federal Express Airbill #** 790569895040
    (Name, Address & Telephone Number)
                                    1320 19th street, NW     10. **Call Made to:** Not required
                                    Suite 500
                                    Washington DC 20036
                                    202-833-8040

11.  **Special Comments:**


**NATIONAL REGISTERED AGENTS, INC.**           **Copies To:** FAX: 3172766221
                                                            MICHAEL J. HARRINGTON
                                                            LILLY CORPORATE CENTER

Transmitted by: John Christel                               INDIANAPOLIS, IN 46285-0000

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SAGE BROOKS

Vs.                                                              C.A. No.        2006 CA 007151 B

ELI LILLY & COMPANY

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge RUSSELL F CANAN
Date:   September 21, 2006
Initial Conference: 9:30 am, Friday, December 22, 2006
Location:  Courtroom 518
                500 Indiana Avenue N.W.
                WASHINGTON, DC  20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| SAGE BROOKS |
| --- |

*Plaintiff*

0007151-06

VS.

Civil Action No.

| ELI LILLY AND COMPANY |
| --- |

*Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
| --- |
Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
| --- |
Address

| Washington, DC 20036 |
| --- |

| (202) 833-8040 |
| --- |
Telephone

By _____
Deputy Clerk

Date   9-21-06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

**SAGE BROOKS**                       ]
**8205 Houston Court**                ]
**Takoma, MD 20912**                  ]
                                      ]
    **Plaintiff,**          ]      0007151-06
  **v.**                     ]  **Civil Action No.**
                                      ]
**ELI LILLY AND COMPANY**             ]
**Lilly Corporate Center**            ]
**Indianapolis, IN 46285**            ]
**w/s/o NATIONAL REGISTERED AGENTS, INC.** ]
**1090 Vermont Avenue, NW, #910**     ]
**Washington, DC 20005**              ]
                                      ]
    **Defendant.**          ]

RECEIVED
Civil Clerk's Office
SEP 2 1 2006
Superior Court of the
District of Columbia
Washington, D.C.

### COMPLAINT
**(Zyprexa Litigation – Products Liability, Punitive Damages)**

1.    Jurisdiction is founded upon 11 D.C. Code §921 (2001 ed.).

2.    Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. At all times mentioned herein, Defendant Eli Lilly & Company designed, manufactured, tested, analyzed, distributed, merchandised, advertised, promoted, supplied and sold Zyprexa and other pharmaceutical products in the District of Columbia. Zyprexa is among a group of drugs called "the atypical antipsychotic drugs" prescribed for the treatment of schizophrenia and bipolar disorder. Plaintiff was prescribed Zyprexa and received medical care for his injuries in California and Maryland.

### COUNT I
**(Negligence)**

3.    In or about 1999-2005, Plaintiff was prescribed, purchased and ingested Zyprexa, as prescribed by his psychiatrist for the treatment of schizophrenia.

4.      As a result of Plaintiff's exposure to Zyprexa, he suffered serious and permanent injuries, including, but not limited to, diabetics mellitus, incurred medical expenses for care and treatment, and suffered physical and mental pain.

5.      The Defendant negligently and carelessly manufactured, compounded, tested, failed to test, failed to adequately warn, and over-promoted the aforesaid product and failed to heed, reports and warnings of adverse information regarding the safety of Zyprexa. As a result Plaintiff was injured as aforesaid.

## COUNT II
### (Strict Liability)

6.      All of the allegations contained in Count I are realleged and incorporated herein by reference.

7.      At all times herein mentioned the aforesaid product was defective and unsafe in manufacture, and was so at the time it was distributed by Defendant and ingested by Plaintiff. It was not properly accompanied by proper warnings regarding possible adverse side effects associated with the use of Zyprexa. Given the severity of the adverse effect, the warnings given did not accurately reflect the symptoms and severity of the adverse effects. These defects caused serious injuries to the user when used in its intended and foreseeable manner, i.e., when it was ingested as prescribed, and in the manner recommended by Defendant.

8.      The Defendant knew that the aforesaid product was to be used by the user and his physician without inspection for defects therein.

9.      Zyprexa was unaccompanied by warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the product, i.e., ingestion to aid in treating bipolar disorder and/or schizophrenia, involved substantial dangers not readily recognizable by the ordinary user of the

product. The defendant failed to warn of the known or knowable likelihood of injury including but not limited to the likelihood the user would develop diabetes.

10. Zyprexa was further defective due to inadequate post-marketing warning or instruction, after Defendant knew or should have known of the risks of injury from Zyprexa, and failed to promptly respond to and warn about the likelihood of injury, including but not limited to diabetes, diabetic ketoacidosis, pancreatitis and death.

11. Plaintiff did not know, nor had reason to know, at the time of the use of the aforesaid product, or at any time prior thereto, of the existence of the foregoing described defects. The defects caused the herein described injuries to Plaintiff.

12. The Defendant knew that the aforesaid product was to be used by the user without inspection for defects or investigation therein and that the aforesaid product was unaccompanied by warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

13. Plaintiff neither knew, nor had reason to know, at the time of the use aforesaid product, or at any time prior thereto, of the existence of the foregoing described defect.

14. By reason of having marketed and promoted Zyprexa in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for his injuries, losses, and damages as aforesaid.

## COUNT III
### (Breach of Warranty)

15. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

16. At all times relevant to this action, Defendant marketed and promoted Zyprexa accompanied by implied and express warranties and representations to physicians and their

3

patients that the drug was safe as an aid to schizophrenia and bipolar disorder patients, if used as directed for such purposes.

17.    Defendant knew, or should have known, that Plaintiff and his attending physicians were relying on Defendant's skills and judgments.

18.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded.  In fact, Zyprexa was a misbranded drug in violation of federal law, and was neither safe nor efficacious for its intended purpose.

19.    As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

20.    All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

21.    Defendant represented to Plaintiff and his attending physicians, in promotion campaigns, advertisements, labeling, and literature that Zyprexa was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

22.    The Plaintiff and his attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and ingestion of Zyprexa.

23.    At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of safety and for efficacy and a danger to those in the position of the Plaintiff.

4

24.    As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

**COUNT V**
**(Punitive Damages)**

25.    The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, was on actual and constructive notice that Zyprexa was unsafe. Nonetheless, the Defendant knowingly and intentionally promoted Zyprexa as an aid of schizophrenias and bipolar disorder and disregarding the published literature that warned of the risks and criticized its safety and efficacy. The Defendant intentionally, maliciously and wantonly promoted Zyprexa for use in schizophrenia and bipolar disorder, as the most "effective" therapy to treat those disorders    Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the psychiatric profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE**, Plaintiff Sage Brooks demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040

Brandon J. Levine, #412130

5

_____

Renee L. Robinson-Meyer, #455375

_____

Steven J. Lewis, #472564

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____

Aaron M. Levine

LAW OFFICES
**AARON M. LEVINE & ASSOCIATES**
SUITE 500
1320 19TH STREET, N.W.
WASHINGTON, D.C. 20036

TO:

**CERTIFIED MAIL**
**RETURN RECEIIPT REQUESTED**
**ELI LILLY AND COMPANY**
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005

7005 1820 0004 0071 9806

Insert
airbill
here

FedEx Label

From: (800)767-1553
National Registered Agents, Inc
1090 Vermont Avenue, N.W.
Suite 910
Washington, DC 20005

To: MICHAEL J HARRINGTON (317)433-7016
ELI LILLY AND COMPANY
LILLY CORPORATE CENTER

INDIANAPOLIS, IN 462850000

Ref: DC10844

TRK# 7905 6989 5040     FORM
                        0201

DELIVERY ADDRESS (FedEx-EDR)

46285-IN-US

** 2DAY **

IND
SE GSHA

**Bldg: 74
Floor: 09
D/C: 1093**

Name:       **HARRINGTON MICHAEL J**

Telephone:  3174337016



Fedex Revenue Barcode

CAD #1124160
SHIP DATE: 25SEP06
WEIGHT: 1 LBS

WED
A1
Deliver by:
27SEP06

09/27/2006
08.42.17 AM